HEIRS OF IRIZARRY, APPELLANTS, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property in Recording a Will.

No. 557.—Decided March 6, 1923.

RECORD OF TITLE—WILL—INHERITANCE—REPRESENTATION. — It having been established that while celibate two designated coheirs predeceased their lawful parents, the testators, the registrar erred in reserving in the record the hereditary rights which by representation the descendants, if any, of the predeceased coheirs might have, instead of recording the whole of the estate, without any reservation, in the names of the surviving heirs. The testators died in 1875 and 1876, respectively, and in accordance with the laws then in force only legitimate descendants could inherit from their grandparents by representation.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellants.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On September 6, 1856, the consorts José Ramón Irizarry and Teresa Jesús del Toro made a will wherein they designated as heirs their children José Rafael, Cayetano de Jesús, Juan Bautista and José Ramón, and on January 16, 1923, attorney Forés, in the names of the heirs of José Ramón and Juan Bautista Irizarry y del Toro consisting of their children whose names were given, presented the said will in the Registry of Property of San Germán for the purpose of recording in the names of the ancestors of the petitioners the ownership of a certain property which was recorded in the names of the testators.

The will was accompanied by certificates of marriage and death of the testators and certificates of death of their sons José Rafael and Cayetano de Jesús.

The registrar recorded the document in the following manner:

"The preceding document is recorded, after examining other documents and a written application made by attorney Benito Forés in this city on the 16th instant, as to the common hereditary interests of Juan Bautista and José Ramón Irizarry y Toro in a property of 11 acres situated in the ward of Sabana Eneas of San Germán, at page 163 of volume 20 of San Germán, property No. 1211, 3rd inscription, without prejudice to the hereditary interest that may vest by representation in the descendants, if any, of the coheirs José Rafael and Cayetano de Jesús Irizarry y Toro, designated as such in the will and who died during the lifetime of testators José Ramón Irizarry and Teresa Jesús del Toro."

The interested persons took the present appeal and correctly contend that the record should have been made in the names of Juan Bautista and José Ramón Irizarry y del Toro as to the whole property and without reservation,

inasmuch as after their parents died they were the only heirs.

According to the brief of the registrar the documents presented to him show that the testators died on February 13, 1875, and January 17, 1876, and that José Rafael died "on August 10, 1871, being about 31 years old and unmarried," and Cayetano de Jesús died "on July 19, 1863, being about 21 years of age and unmarried."

The most recent of the said documents is more than forty years old. In accordance with the jurisprudence established in the case of *Ex Parte Otero et al.,* 27 P. R. R. 315, and ratified in *Tardi* v. *Tardi,* 30 P. R. R. 209, the fact that the children who predeceased their parents were unmarried may be taken as a basis. This being so, they could not leave legitimate heirs and no others could have inherited from their lawful ascendants by right of representation. There fore, the possibility on which the reservation of the registrar is based does not exist.

In the case of *Correa et al.* v. *Correa et al.,* 18 P. R. R. 115, 118, this court expressed itself as follows:

"The sixth of the Laws of Toro, published in 1505, equivalent to the First Law of Title 8, book 5, of the *Recopilación,* and to the first of title 20, book 10, of the *Novísima,* establishes and fixes the rights of the legitimate ascendants to succeed their descendants, and *vice versa.* It is clear that its provisions have reference to legitimate relatives..

"The ninth and tenth of said laws give the cases when bastard and illegitimate children may inherit from their mothers *ex testamento* and *ab intestato* and when they may not, and also what portion of the estate the fathers may leave to their illegitimate and natural children.

"The law of May 16, 1835, improved the condition of natural children, but only with respect to the father or mother who has acknowledged them.

"Appellants have not cited to us, nor have we ourselves been able to find in the laws in force prior to the Spanish Civil Code, a

single provision or precedent giving the acknowledged natural child, by his right of representation of his natural father, the capacity to inherit from his natural father's legitimate father."

The decision appealed from is reversed and the record ordered as applied for.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.